UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JEFFREY RILEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CAUSE NO: 1:19-cv-1944 |
| | ) |
| INDIANA UNIVERSITY – | ) |
| UNIVERSITY POLICE | ) |
| DEPARTMENT, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. NATURE OF THE CASE

1. This is an action brought by Plaintiff, Jeffrey Riley ("Riley"), by counsel, against Defendant, Indiana University – University Police Department ("Defendant"), for violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et. seq.*

### II. PARTIES

2. Riley is a resident of the State of Indiana, who at all times relevant to this action resided within the geographical boundaries of the Southern District of Indiana.

3. Defendant maintains offices and conducts business within the geographical boundaries of the Southern District of Indiana.

### III. JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. § 1343; and 42 U.S.C. §2000e-5(f)(3).

5. Defendant is an "employer" as that term is defined by 42 U.S.C. §2000e(b).

6. Riley was an "employee" as that term is defined by 42 U.S.C. §2000e(f).

7. Riley satisfied his obligation to exhaust his administrative remedies having timely filed Charges of Discrimination with the U.S. Equal Employment Opportunity Commission against Defendants alleging discrimination based on sex. Riley received the required Notice of Suit Rights and timely files this action.

8. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Southern District of Indiana; thus, venue is proper in this Court.

### IV. FACTUAL ALLEGATIONS

9. Riley began working for the Defendant in or about March 2009 as an Officer Third Class. Shortly after he started, he was promoted to Officer First Class.

10. At all relevant times, Riley has met or exceeded Defendant's legitimate performance expectations.

11. Riley applied for the position of Sergeant – Training Coordinator for the Indiana University Police Department's IUPUI Division.

12. Riley interviewed for the position on June 13, 2018.

13. On June 21, 2018, Riley learned that he was not selected for the position.

14. Defendant selected Amanda Botts, a less qualified female, for the position.

15. Botts could not meet all of the requirements for the position, specifically, she could not pass the physical fitness test required for the position.

16. Further, Riley had significantly more experience in training than Botts, who had little, if any experience.

17. Defendant has a recent history of disregarding policy, process and procedure in order to appoint or select females for promotion, including Heather Braun who was also promoted to Lieutenant outside of Defendant's published promotion process.

## V. CAUSES OF ACTION

18. Riley hereby incorporates paragraphs one (1) through seventeen (17) of her Complaint.

19. Defendant failed to promote Riley because of his gender.

20. Defendant actions were willful, intentional and in reckless disregard of Riley' rights as protected by Title VII of the Civil Rights Act of 1964.

21. Riley suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Jeffrey Riley, respectfully requests that this Court enter judgment in his favor and award him the following relief:

1. Promote Riley to the position, salary, and seniority level he would have enjoyed but for Defendants' unlawful actions; and/or payment to Riley of front pay in lieu thereof;

2. All wages, benefits, compensation, and other monetary loss suffered as a result of Defendant's unlawful actions;

    3.      Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

    4.      Compensatory damages for Defendant's violations of Title VII;

    5.      Punitive damages for Defendant's violations of Title VII;

    6.      All costs and attorney's fees incurred as a result of bringing this action;

    7.      Pre- and post-judgment interest on all sums recoverable; and

    8.      All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Andrew Dutkanych III
Andrew Dutkanych III, Atty. No. 23551-49
411 Main Street
Evansville, IN 47708
Telephone:   (812) 424-1000
Facsimile:    (812) 424-1005
Email: ad@bdlegal.com
Attorneys for Plaintiff, Jeffrey Riley

## **DEMAND FOR JURY TRIAL**

Plaintiff, Jeffrey Riley, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Andrew Dutkanych III
Andrew Dutkanych III, Atty. No. 23551-49
411 Main Street

        Evansville, IN 47708
        Telephone:   (812) 424-1000
        Facsimile:    (812) 424-1005
        Email: ad@bdlegal.com
        Attorneys for Plaintiff, Jeffrey Riley